# WIGDOR LLP

ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Valdi Licul**
vlicul@wigdorlaw.com

November 10, 2022

<u>VIA ECF</u>

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18C
New York, New York 10007

      Re:    <u>Cattouse v. MediaCo Holding, Inc., et al.</u>; Civil Case No. 1:22-cv-5860 (MKV)

Dear Judge Vyskocil:

We represent Plaintiff Amilee Cattouse a/k/a Shaila Scott ("Plaintiff") in this matter and write jointly with Defendant MediaCo Holding, Inc. ("MediaCo") and Defendant Emmis Communications Corp. ("Emmis") pursuant to the Court's October 12, 2022 Order and Notice of Initial Pretrial Conference. Enclosed is a Proposed Case Management Plan.

**I.**      **Principal Claims and Defenses**

      **A.**      **Plaintiff's Position**

Plaintiff brings this discrimination claim against her former employers. Plaintiff worked as an on-air personality for Defendant Emmis and Defendant MediaCo. During her tenure with Defendants, Plaintiff alleges that she was paid substantially less than her male peers, despite her superior ratings and ability to generate revenue. Plaintiff, who is 59 years old, also alleges that Defendants discriminated against her because of her age. In May 2022, Defendant MediaCo fired Plaintiff and replaced her with an on-air personality who was at least 25 years younger than Plaintiff. Plaintiff alleges that Defendants' conduct violated the equal pay and anti-discrimination provisions of the Equal Pay Act, 29 U.S.C. § 206 *et seq*. ("EPA"); the New York State Human Rights Law, N.Y. Executive Law § 290 *et seq*. ("NYSHRL"); the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq*. ("NYCHRL"); the New York State Pay Equity Law, N.Y. Lab. Law § 194 *et*

**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

*seq*. ("NYSPEL"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq*. ("ADEA").[1]

### B. Defendant MediaCo's Position

MediaCo denies Plaintiff's allegations in full. In support of her pay discrimination claims, Plaintiff alleges that she was paid less than two male comparators—Ebro Darden and Aston Taylor, Jr. a/k/a Flex, Funk Flex or Funkmaster Flex—because of her sex. Plaintiff's claims fail because Flex and Darden are not appropriate comparators for several reasons. Darden and Flex work for a different radio station than Plaintiff did and, more importantly, they do not perform "substantially equal" job functions in comparison to Plaintiff. Plaintiff's pay discrimination claim also fails because any pay disparity between Plaintiff and the proposed comparators is explained by permissible reasons such as seniority, merit, quantity and quality of production, and other factors not based on sex. MediaCo also cannot be held liable for any pay discrimination which allegedly occurred prior to the date it became Plaintiff's employer, which is December 31, 2020.

MediaCo also maintains that Plaintiff's age discrimination claims will fail because she will be unable to show that MediaCo's decision to not offer her a new contract occurred under circumstances giving rise to an inference of discrimination and, as a result, she will be unable to make a *prima facie* case of age discrimination. Even if Plaintiff could make out a *prima facie* case of age discrimination, she will be unable to show that MediaCo's legitimate non-discriminatory reasons were pretext for age discrimination.

### C. Defendant Emmis' Position

Emmis denies that it violated the EPA, ADEA, NYSHRL, NYCHRL, and NYSPEL. Plaintiff did not perform the same job as her purported "male peers" who worked at a different radio station, with a vastly different audience, during more competitive times of the day. Thus, any difference in salary was justified by these differences in the employees' roles.

Plaintiff's non-pay disparate treatment claims under the ADEA, NYSHL, and NYCHRL are not properly asserted against Emmis. First, Emmis was never served with an administrative charge or complaint of discrimination. As a result, Plaintiff's ADEA claim to the extent it is asserted against Emmis fails because Plaintiff did not exhaust her administrative remedies.

Second, Emmis sold the radio station Plaintiff formerly worked for to Defendant MediaCo in 2019, and Plaintiff's employment with Emmis terminated effective December 31, 2020. Insofar as Plaintiff's claims (including her termination) arise from conduct after Plaintiff was no longer an

---

[1] Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging sex and age discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"). Plaintiff will seek leave to file a Second Amended Complaint adding Title VII claims once more than 180 days have passed from the filing of her EEOC charge and she receives her notice of right to sue.

Case 1:22-cv-05860-JHR   Document 32   Filed 11/10/22   Page 3 of 5

**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

The Honorable Mary Kay Vyskocil
November 10, 2022
Page 3

Emmis employee, Plaintiff's claims against Emmis must fail because Emmis was not Plaintiff's employer.

## II.      Jurisdiction and Venue

The Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action involves federal questions under the EPA and ADEA. The Court has supplemental jurisdiction over Plaintiff's NYSHRL, NYCHRL, NYSPEL claims pursuant 28 U.S.C. § 1367(a).

Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## III.     Procedural Posture

### A.      Plaintiff's Position

At this time, Plaintiff does not anticipate filing any motions.

### B.      Defendants' Position on Motions

Emmis has not filed any motions to date. Emmis anticipates filing a motion for summary judgment at the conclusion of fact discovery.

MediaCo anticipates filing a motion for summary judgment seeking dismissal of Plaintiff's Complaint in its entirety at the close of discovery.

## IV.      Status of Settlement Discussions

### A.      Plaintiff's Position

On October 24, 2022, counsel for the parties met via Zoom to discuss the possibility of settlement, pursuant to the Court's October 12, 2022 Order. During that meeting, counsel for the Plaintiff presented their assessment of damages and was prepared to meaningfully discuss the possibility of settlement. However, counsel for Defendants did not have settlement authority during that meeting and was only prepared to discuss the Case Management Plan.

### B.      Defendant MediaCo's Position

On October 24, 2022, pursuant to the Court's Notice of Initial Pretrial Conference, counsel for all parties conferenced via Zoom to, among other things, discuss the possibility of settlement whether a mediation would be fruitful. At that conference, Plaintiff made an opening settlement demand, and the parties discussed the possibility of a mediation or settlement conference at a later date.



The Honorable Mary Kay Vyskocil
November 10, 2022
Page 4

### C. Defendant Emmis' Position

Counsel for Emmis attended the October 24th conference having only been served on October 11th and after requesting additional time to respond to the Complaint to allow time to complete a preliminary factual investigation into the claims asserted in the Complaint and prepare an appropriate response. Accordingly, Emmis did not attend the meeting with settlement authority. During the conference, counsel for Emmis reminded the parties that the Court directed the parties to "confer to discuss the possibility of settlement[,]" which counsel reasonably understood as discussing Plaintiff's respective claims against Emmis and MediaCo, her settlement demand, mediation logistics, etc., not negotiating a resolution of the case. *Compare* ECF 21 (Notice of Initial Pretrial Conference) *with* ECF 30 (Order of Automatic Referral to Mediation). Indeed, the October 24th meeting was the first time Emmis's counsel had been made aware of specific details about Plaintiff's demand. Consistent with this Court's filings (ECF 21 and ECF 30), counsel for Emmis will continue to comply with its obligations regarding the possibility of settlement.

### V.     Other Issues – Paragraph 6 of the Case Management Plan

### A. Plaintiff's Position

Plaintiff should not be required to provide Defendants with unfettered access to her medical records via HIPAA authorizations. "[C]onfidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure." Jaffee v. Redmond, 518 U.S. 1, 15 (1996). The privilege is "rooted in the imperative need for confidence and trust" critical to the psychotherapist/patient relationship. Id. at 10. Importantly, the privilege is not conditional. To the contrary, the Supreme Court expressly "reject[ed] the balancing component of the privilege, . . .[m]aking the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patience interest in privacy and the evidentiary need for disclosures." Id. at 17. According to the Supreme Court, such a conditional privilege "is little better than no privilege at all." Id. (internal citations and quotations omitted). To be sure, the privilege can be waived. However, a plaintiff does not waive the privilege simply because she seeks emotional distress damages. In re Sims, 534 F.3d 117 (2d Cir. 2008). For example, an "emotional distress claim does not . . . give [respondents] an unfettered right to pursue discovery into [her] entire medical history." Manessis v. N.Y.C. Dep't of Transp., No. 02 Civ. 359 (SAS)(DF), 2002 WL 31115032 (S.D.N.Y. Sept. 24, 2002). Nor can Defendants "rummage through all aspect of [plaintiff's] life" by claiming that her medical records might reveal some other cause of her emotional distress. E.E.O.C. v. Nichols Gas & Oil, Inc., 256 F.R.D. 114, 123 (W.D.N.Y. 2009). Here, HIPAA authorizations are unnecessary because Plaintiff will produce relevant therapy records should she decide to present medical proof of emotional distress.





The Honorable Mary Kay Vyskocil<br>November 10, 2022<br>Page 5

### B. Defendants' Position

Defendants proposed January 16, 2023 as the deadline for Plaintiff to provide HIPAA compliant authorizations. Contrary to Plaintiff's position that she is not required to produce HIPAA-compliant authorizations, Defendants maintain they are entitled to obtain Plaintiff's medical records through HIPAA-compliant authorizations. Indeed, Plaintiff has put her alleged emotional distress at issue based on the purported discrimination she alleges in her Complaint.

We thank the Court for its time and consideration.

Respectfully submitted,

Valdi Licul
Encl.